**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JONATHAN GILES       : | |
|                                         : | |
|         Plaintiff,         : | |
|                                         : | |
| v.                                    : | Civil Action No. |
|                                         : | 1:13-CV-2992-RWS |
| SUNTRUST MORTGAGE INC., : | |
| NATIONSTAR MORTGAGE, : | |
| LLC, and MORTGAGE       : | |
| ELECTRONIC REGISTRATION : | |
| SYSTEMS, INC.,             : | |
|                                         : | |
|         Defendants.       : | |

## ORDER

This case comes before the court on Nationstar Mortgage, LLC's ("Nationstar") Motion to Dismiss [12] and SunTrust Mortgage, Inc. ("SunTrust") and Mortgage Electronic Registration Systems, Inc.'s ("MERS") Motion to Dismiss [13]. After reviewing the record, the Court enters the following order.

## Background

On August 17, 2007, Plaintiff purchased property located at 35 Wyman

AO 72A
(Rev.8/82)

Street, S.E., Atlanta, GA 30317 ("Property"). (Compl., Dkt. [1] ¶¶ 6, 7).[1]

Plaintiff contemporaneously executed a Security Deed in favor of MERS. On April 30, 2009, MERS assigned the Security Deed to SunTrust ("first assignment"). MERS then assigned the Security Deed to Nationstar, in error, on November, 23, 2010 ("second assignment"). To correct MERS's error, on June 4, 2013, Nationstar assigned the Security Deed to SunTrust ("third assignment").

On October 1, 2011, under the assumption that Nationstar was the servicer of his loan, Plaintiff entered into a loan modification agreement with Nationstar. Plaintiff made his monthly payments until SunTrust refused to honor the loan modification. Subsequently, on June 25, 2013, SunTrust sent Plaintiff a Notice of Foreclosure Sale ("Notice"). The notice declared that a non-judicial foreclosure would occur on August 6, 2013, at the Dekalb County Courthouse. The sale never occurred.

Plaintiff brought this action in Fulton County Superior Court on August 2, 2013. The case was removed to this Court on September, 9, 2013, pursuant to

---

[1]Unless otherwise indicated, all facts are taken from the Plaintiff's Amended Complaint. Plaintiff incorporated paragraphs 1-35 from the Original Complaint into the Amended Complaint.

28 U.S.C. § 1332. (Notice of Removal, Dkt. [1]). Based on the foregoing allegations, Plaintiff brings the following claims: (1) violation of his constitutional due process and equal protection rights and (2) attempted wrongful foreclosure.

Defendants now move for dismissal of all claims. Plaintiff has not filed a response to Nationstar's motion. Therefore, that motion [12] is deemed unopposed. N.D. Ga. L.R. 7.1B.

## Discussion

### I. Motion to Dismiss Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this pleading standard does not require "detailed factual allegations," mere labels and conclusions or "a formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). In order to withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A complaint is plausible on its face

3

when the plaintiff pleads factual content necessary for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Id.

"At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). However, the same does not apply to legal conclusions set forth in the complaint. Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Iqbal, 129 S. Ct. at 1949). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. Furthermore, the court does not "accept as true a legal conclusion couched as a factual allegation." Twombly, 550 U.S. at 555.

"The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers material outside the complaint." D.L. Day v. Taylor, 400 F.3d 1272, 1275-76 (11th Cir. 2005); see also Fed. R. Civ. P. 12(d). However, documents attached to a complaint are considered part of the complaint. Fed. R. Civ. P. 10(c). Documents "need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, [the

4

court] may consider such a document," provided it is central to the plaintiff's claim. D.L. Day, 400 F.3d at 1276. At the motion to dismiss phase, the Court may also consider "a document attached to a motion to dismiss . . . if the attached document is (1) central to the plaintiff's claim and (2) undisputed." Id. (citing Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002)). "'Undisputed' means that the authenticity of the document is not challenged." Id.

## II.  Nationstar's Motion to Dismiss

The Court finds that Plaintiff has failed to satisfy Rule 8's pleading standard with respect to his claims against Nationstar. See generally Fed. R. Civ. P. 8. After reviewing the Amended Complaint, the Court finds that there are no factual allegations against Nationstar to support a claim for relief. Plaintiff alleges that Nationstar negotiated a loan modification and that it assigned the Security Deed to SunTrust. These allegations, without more, do not establish a plausible claim for constitutional violations or attempted wrongful foreclosure. Thus, Plaintiff's claims against Nationstar are **DISMISSED**.

## III.  MERS and SunTrust's Motion to Dismiss

### A. Constitutional Violation Claims

5

Plaintiff alleges that the attempted foreclosure sale violated his constitutional rights (Counts I and II). (Am. Compl., Dkt. [11] p. 3-8). Defendants argue that Plaintiff's constitutional claims cannot stand because Defendants are not government actors for purposes of these claims. Plaintiff contends, on the other hand, that the Federal Home Loan Mortgage Corporation ("Fannie Mae") is a government actor because it was created under the conservatorship of the Federal Home Loan Agency. (Am. Compl., Dkt. [11] ¶ 9). Further, Plaintiff argues, SunTrust was acting on behalf of Fannie Mae when it attempted to foreclose, and thus, he has valid constitutional claims against these Defendants. (Id. at ¶¶ 12, 13). The Court agrees with Defendants that Plaintiff's constitutional claims are improper against these non-government Parties.

The Supreme Court, in <u>Lebron v. Nat'l R.R. Passenger Corp.</u>, 513 U.S. 374, 399 (1995), held that a corporation is a "government actor" when: (1) the government creates the corporation by special law, (2) for the furtherance of governmental objectives, and (3) the government retains permanent authority to appoint directors of the corporation. When these elements are met, a corporation may be liable, as if it were the Government itself, for constitutional

6

violations. Id. Plaintiff does not argue that Fannie Mae meets the requirements set forth in Lebron, 513 U.S. 374. Indeed, multiple courts have found that Fannie Mae is not a government actor for these purposes. See Roberts v. Cameron-Brown Co., 556 F.2d 356, 359 (5th Cir. 1977) ("Fannie Mae is not a government actor subject to Fifth Amendment due process requirements in conducting non-judicial foreclosure sale . . . "); See also Herron v. Fannie Mae, 857 F. Supp. 2d. 87 (D.D.C. 2012) (dismissing a constitutional claim against Fannie Mae because it is not a government actor and finding Fannie Mae was not converted into a government entity after being placed into conservatorship by the FHFA).  Consequently, Plaintiff's constitutional claims (Counts I and II) are **DISMISSED**.

### B. Attempted Wrongful Foreclosure

To state a claim for attempted wrongful foreclosure, Plaintiff must allege that Defendant: (1) knowingly and intentionally (2) published derogatory information concerning the debtor's financial condition (3) that was untrue and (4) the publication directly resulted in damage. Aetna Fin. Co. v. Culpepper, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984). Plaintiff claims that SunTrust knowingly and intentionally published the foreclosure notice. (Am. Compl.,

7

Dkt. [11] ¶ 39). Plaintiff also claims that the foreclosure notice was an untrue reflection of his financial condition because SunTrust was not the secured creditor to whom Plaintiff was in debt, as represented in the foreclosure notice. (Id. at ¶¶ 40, 41). Finally, Plaintiff claims that he suffered mental distress and damage to his reputation. (Id. at ¶ 49). SunTrust asserts that Plaintiff's status on the loan is undisputed; Plaintiff was in default. (Motion to Dismiss Dkt. [13] p. 6, 8). Further, SunTrust claims that it is the rightful holder of the Security Deed and therefore, it has the power to foreclose on the Property. (Id. at p. 7). The Court agrees with SunTrust.

Plaintiff cannot plausibly assert that SunTrust's foreclosure notice was untrue if: (1) he was in default on the loan and (2) SunTrust has the power to foreclose and conduct the foreclosure sale. (Sec. Deed [1-2] at p. 1-3). Plaintiff does not challenge the first prong. Instead, he argues that the false information in the notice was SunTrust representing itself as the party with authority to conduct the sale. However, the Security Deed clearly gives MERS the power of sale in the event of default by Plaintiff and also give MERS authority to assign that power. (Sec. Deed [1-2] at p. 3). Despite any confusion surrounding multiple assignments by MERS, the uncontested documents show that MERS

8

assigned the Security Deed to SunTrust (Assignment [1-2] at p. 24) *and* that Nationstar assigned the Security Deed to SunTrust (Id. at p. 22). Ultimately, there can be no dispute that SunTrust holds the Security Deed.  Therefore, Plaintiff's attempted wrongful foreclosure claim is **DISMISSED**.

### IV.     Equitable Relief, Injunctive Relief, Declaratory Relief, Punitive Damages, and Attorneys Fees

Because Plaintiff's substantive claims are without merit, he is not entitled to the relief he seeks. Therefore, Counts III, IV, VI & VII of the Amended Complaint are **DISMISSED**.

### Conclusion

In accordance with the foregoing, Defendant Nationstar's Motion to Dismiss [12] is **GRANTED** and Defendants SunTrust and MERS's Motion to Dismiss [13] is **GRANTED**.  The Clerk is directed to close the case.

**SO ORDERED**, this 19th day of June, 2014.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE